IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - LANSING

| | |
|---|---|
| FREDERIC C. AMBROSE and FLEX-REST, LLC, | Civil Action No: 1:02-CV-537 |
| Plaintiffs, | Judge David W. McKeague |
| v. | |
| STEELCASE INC. and OFFICE DETAILS INC., | |
| Defendants. | |

**REVISED FINAL PRETRIAL ORDER**

# TABLE OF CONTENTS

Attorneys Present At Pretrial Conference ................................................................................1

1. EXHIBITS ................................................................................2

   A. Plaintiffs' Exhibit List ................................................................2

   B. Defendants' Exhibit List ................................................................17

2. UNCONTROVERTED FACTS ................................................................26

3. CONTROVERTED FACTS AND UNRESOLVED ISSUES ................................................28

   A. Fact Issues for the Jury ................................................................28
      (1) Both Parties Agree the Following Are Fact Issues For the Jury ....................28
      (2) Plaintiffs Contend the Following Are Additional Fact Issues For the Jury ....28
      (3) Defendants Contend the Following Are Additional Fact Issues For the Jury 29

   B. Fact Issues for the Judge ................................................................30
      (1) Both Parties Agree the Following Are Fact Issues For the Judge ................30
      (2) Plaintiffs Contend the Following Are Additional Fact Issues For
         the Judge ................................................................31
      (3) Defendants Contend the Following Are Additional Fact Issues For
         the Judge ................................................................31

   C. Issues of Law ................................................................31
      (1) Both Parties Agree the Following Are Issues of Law ................................31
      (2) Plaintiffs Contend the Following Are Issues of Law ................................32
      (3) Defendants Contend the Following Are Issues of Law ................................32

4. WITNESSES ................................................................34

   A. Non-Expert Witnesses ................................................................34

      1. Plaintiffs' Non-Expert Witnesses ................................................................34
        Defendants' Objections to Plaintiffs' Fact Witnesses ................................35

      2. Defendants' Non-Expert Witnesses ................................................................35
        Plaintiffs' Objections to Defendants' Fact Witnesses ................................37

   B. Expert Witnesses ................................................................37

      1. Plaintiffs' Expert Witnesses ................................................................37

           Defendants' Objections to Plaintiffs' Expert Witnesses ...............................38

    2.    Defendants' Expert Witnesses ........................................................39
           Plaintiffs' Objections to Defendants' Expert Witnesses ...........................39

5.      DEPOSITIONS AND OTHER DISCOVERY DOCUMENTS ....................................40

    1.    Deposition Transcripts Offered By Plaintiffs ...............................40
        a.    Rickson Sun ...................................................................40
            Defendants' Cross-Designations to Rickson Sun Deposition ...............41
            Defendants' Objections to the Deposition of Rickson Sun ...................41

        b.    William George ...............................................................41

        c.    Sean Corcorran ...............................................................42
            Defendants' Cross-Designations to Sean Corcorran Deposition ...........42
            Defendants' Objections to the Deposition of Sean Corcorran ..............42

    2.    Answers to Written Interrogatories and Requests for
        Admissions Offered by Plaintiffs .....................................................42

        Defendants' Objections ...................................................................42

    3.    Deposition Transcripts Offered By Defendants ...........................43

        a.    Nancy K. Day ...............................................................43
            Plaintiffs' Cross-Designations to Nancy K. Day Deposition ...............43
            Plaintiffs' Objections to the Deposition of Nancy K. Day ...................43

        b.    Morton A. Cohen ...........................................................44
            Plaintiffs' Cross-Designations to Morton A. Cohen Deposition ...........45
            Plaintiffs' Objections to the Deposition of Morton A. Cohen ..............45

        c.    Gary J. Gushura ...........................................................46
            Plaintiffs' Cross-Designations to Gary J. Gushura Deposition ...........47
            Plaintiffs' Objections to the Deposition of Gary J. Gushura ................47

        d.    Rickson Sun ...................................................................47
            Plaintiffs' Cross-Designation to Rickson Sun Deposition ...................49
            Plaintiffs' Objections to the Deposition of Rickson Sun ......................50

        e.    Steven N. Fox ...............................................................50
            Plaintiffs' Cross-Designation to Steven N. Fox Deposition .................53
            Plaintiffs' Objections to the Deposition of Steven N. Fox ....................54

        f.    William R. George .........................................................54

Plaintiffs' Cross-Designation to William R. George Deposition ...........56
Plaintiffs' Objections to the Deposition of William R. George ............57

g.   Sean M. Corcorran ..................................................................57
Plaintiffs' Cross-Designation to Sean M. Corcorran Deposition ...........58
Plaintiffs' Objections to the Deposition of Sean M. Corcorran ............58

h.   Donald K. Seiler ....................................................................58
Plaintiffs' Cross-Designation to Donald K. Seiler Deposition ..............60
Plaintiffs' Objections to the Deposition of Donald K. Seiler ...............61

i.   Christopher W. Stamos ........................................................61
Plaintiffs' Cross-Designation to Christopher W. Stamos Deposition ....63
Plaintiffs' Objections to the Deposition of Christopher W. Stamos ......63

6.    LENGTH OF TRIAL .................................................................63

7.    PROSPECTS OF SETTLEMENT ..............................................64

8.    OTHER ISSUES .......................................................................64

A final pretrial conference was held on the 17th day of November, 2003.  Appearing as counsel for the Plaintiffs were:

Edmund J. Sease
Jeffrey D. Harty
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA   50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  patatty@ipmvs.com
Email:  harty@ipmvs.com

Appearing as counsel for the Defendants were:

George Pazuniak
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Phone:  302-888-6271 (direct)
Fax:  302-658-5614
Email:  gp@cblhlaw.com

Jon G. March
Miller, Johnson, Snell & Cummiskey, P.L.C.
250 Monroe Ave. N.W., Suite 800
Grand Rapids, MI  49503
Telephone:  616-831-1700
Facsimile:  616-988-1717
Email:  marchj@mjsc.com

# 1.  **EXHIBITS**

By agreement of the parties, Plaintiffs have numbered their exhibits beginning at PX 1 and extending sequentially upward.  Defendants have numbered their exhibits beginning at DX 500 and extending sequentially upwards.  The following exhibits will be offered by the Plaintiffs and the Defendants:

Defendants' objections are denoted as follows:  R = Relevancy, F.R.E. 402
P = Prejudice F.R.E. 403
C = Cumulative, F.R.E. 403
L =  Lack of Personal Knoweldge, F.R.E. 602
H = Hearsay, F.R.E. 802
F = Foundation/Authenticity, F.R.E. 901
M = Subject of Motion in Limine
Res = Objection Reserved (not yet seen)
S = Settlement

## A.  **PLAINTIFFS' EXHIBITS**

| No. | Exhibit | Objections Fed. R. Evid. | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| PX 1 | Patent-in-Suit, Ambrose, U.S. Patent No. 5,709,489 for "Keyboard Positioning System," issued 01/20/1998 | No Objection | | |
| PX 2 | Withdrawn | | | |
| PX 3 | Assignment for the patents-in-suit, 5,709,489 (Serial No. 08/734,755) and 5,961,231 (Serial No. 08/677,410), mailed 01/15/1998  [Bates A009205-A009210] | No Objection | | |

| PX 4 | Ambrose, Patent Application for Serial No. 07/648,628, filed 02/01/1991 [pages 14-28 of '489 file history] | No Objection | | |
|---|---|---|---|---|
| PX 5 | Rule 131 Declaration of Fred Ambrose, dated 05/02/1991, filed in Serial No. 08/306,989 [pages 710-712 of '231 file history] | R, H, P (Incomplete) | | |
| PX 6 | Ambrose International patent publication No. WO 92/13722 (PCT/US92/00824), filed 02/03/1992 | R | | |
| PX 7 | Flow Chart of Ambrose Patent No. 5,709,489 | No Objection | | |
| PX 8 | Withdrawn | | | |
| PX 9 | Drawings re Conception of Invention [Bates A005450-A005461] | R, P (The documents cover a period of 16 months extending beyond Ambrose's application date, and include various embodiments. It is a prejudicial and misleading compilation.) | | |
| PX 10 | Fax from Fred Ambrose to Gary Blodgett, dated 01/03/1991, with 5 page attachment, "The Ambrose Swivel" [Bates A005690-A005695] | No Objection | | |
| PX 11 | Fax from Fred Ambrose to Gary Blodgett, dated 04/03/1991, with 1 page drawing attached [Bates A005688-A005689] | R | | |

| PX 12 | Photographs showing conception of Ambrose device  [Bates A000497-A000523] | R, P (The documents cover a period of 16 months and extending beyond Ambrose's application date, and include various embodiments.  It is a prejudicial and misleading compilation.) | | |
|---|---|---|---|---|
| PX 13 | Directions for Flex-Rest device [Bates A005664] | R | | |
| PX 14 | Report by Brian O'Malley, entitled "Keyboard-Associated Carpal Tunnel Syndrome," dated 03/25/1991  of his | R, H | | |
| PX 15 | Photographs   [Bates A009937-A009948] | R, H, F | | |
| PX 16 | Compilation of receipts for early parts and brochure orders of Fred Ambrose [Bates A009901-A009918] | R, H, F | | |
| PX 17 | Photographs of early device  [Bates A005668, A005671, A005674, A005677] | R, H, F, Prejudicial compilation | | |
| PX 18 | Photographs  [Bates A004869-A004873] | R | | |
| PX 19 | Flex-Rest Brochure "A Better Way to Type"  [A001279-A001280] | No Objection | | |
| PX 20 | Advertising for Flex-Rest [Bates A005622] | No Objection | | |
| PX 21 | Flex-Rest Label "Because Your Employer Cares!" copyright 1991  [Bates A001268] | No Objection | | |
| PX 22 | Order Form for Flex-Rest, copyright 1991  [Bates A002455-A002456] | No Objection | | |

| PX 23 | Flex-Rest Brochure, "Man's Answer to Nature's Design," copyright 1994 [Bates A002467-A002470] | No Objection | | |
|---|---|---|---|---|
| PX 24 | Flex-Rest Price Sheets [Bates A002475-A002478] | No Objection | | |
| PX 25 | Flex-Rest Brochure, "The FL-5000 Keyboard Tray System" [Bates A002479-A002480] | No Objection | | |
| PX 26 | Flex-Rest Brochure, "Ergo Ultima" [Bates A002481-A002482] | No Objection | | |
| PX 27 | Flex-Rest Brochure, "FL-9000H" [Bates A002483-A002484] | No Objection | | |
| PX 28 | Flex-Rest Brochure, "FL-Arm System" [Bates A002485-A002486] | No Objection | | |
| PX 29 | Flex-Rest Advertising, and the team in the "Exceptionally Comfortable" [Bates A002487] | No Objection | | |
| PX 30 | Flex-Rest Price Sheet – February 1991 [Bates A007009] | No Objection | | |
| PX 31 | Flex-Rest Price Sheet – April 1991 [Bates A005656] | No Objection | | |
| PX 32 | Letters from Fred Ambrose to Dan Emmerich, dated April 22, 1991 and April 17, 1991 [Bates A005505-A005506] | R | | |
| PX 33 | Letter from Fred Ambrose to David Glass, dated July 25, 2002 with Patent License Agreement attached [Bates A006494-A006543] | No Objection | | |
| PX 34 | Global Brochure [Bates A009955-A009956] | No Objection | | |

| PX 35 | Compilation Exhibit – Steelcase file re Fred Ambrose [Bates SC01264-SC01285] | C, R, H, F | | |
|---|---|---|---|---|
| PX 36 | Letter from Bruce Preston to Fred Ambrose, dated 02/22/1991, with attachments [Bates SC01284] | No Objection | | |
| PX 37 | Letter from Fred Ambrose to Bruce Preston, dated 03/06/1991, with attachments [Bates SC01281-SC01283] | No Objection | | |
| PX 38 | Handwritten note, dated 03/06/1991 [Bates SC05411] | No Objection | | |
| PX 39 | Memo from Bruce Preston to Jack Tanis, dated 03/12/1991 [Bates SC05412] | No Objection | | |
| PX 40 | Letter from Bruce Preston to Fred Ambrose, dated 04/16/1991 [Bates SC01280] | No Objection | | |
| PX 41 | Email from Sharon Seys to Jack Tanis, dated 05/21/1991 [Bates SC05413] | No Objection | | |
| PX 42 | Letter from Fred Ambrose to Bruce Preston, dated 06/06/1991 [Bates SC01279] | No Objection | | |
| PX 43 | Memo from Sharon Seys to Jack Tanis, dated 06/17/1991 [Bates SC05414] | No Objection | | |
| PX 44 | Handwritten note re Fred Ambrose [SC05415] | No Objection | | |
| PX 45 | Letter from Fred Ambrose to Bruce Preston, dated 06/18/1991 [Bates A004907] | No Objection | | |
| PX 46 | Letter from Bruce Preston to Fred Ambrose, dated 06/27/1991 [Bates SC01275-SC01278] | No Objection | | |

| | | | |
|---|---|---|---|
| PX 47 | Letter from Bruce Preston to Fred Ambrose, dated 08/07/1991, with attachments  [Bates SC01272-SC01274] | No Objection | | |
| PX 48 | Letter from Bruce Preston to Fred Ambrose, dated 10/03/1995  [Bates SC01271] | No Objection | | |
| PX 49 | Letter from Bruce Preston to Fred Ambrose, dated 11/08/1995, with attachment  [Bates A004537] | No Objection | | |
| PX 50 | Letter from Fox & Associates to Bruce Preston, dated 10/24/1996  [Bates A001552] | No Objection | | |
| PX 51 | Letter from Edward Ketterer to Fred Ambrose, dated 06/12/1997  [Bates A004684] | No Objection | | |
| PX 52 | Letter from Kirk Kuhfeldt to Fred Ambrose, dated 02/19/1998  [Bates A004693] | No Objection | | |
| PX 53 | Letter from Carl Clark to Harry Jones, dated 05/04/1998  [Bates SC00447] | No Objection | | |
| PX 54 | Letter from Harry Jones to Carl Clark, dated 05/28/1998, with attachments [Bates SC00448; SC00443-SC00446] | No Objection | | |
| PX 55 | Letter from Kirk Kuhfeldt to Fred Ambrose, dated 10/16/1998  [Bates A004683] | No Objection | | |
| PX 56 | Letter from Thomas McKinley to Bruce Preston, dated June 24, 1991  [Bates SC06100-SC06101] | No Objection | | |
| PX 57 | Fred Ambrose's log of telephone calls with Steelcase from 02/22/1991 to 07/08/1991 [Bates A004905] | R, H, F | | |

| | | | |
|---|---|---|---|
| PX 58 | Letter from Steve Fox to Carl Little, dated 10/05/1995  [Bates A000777-A000779] | No Objection | | |
| PX 59 | Letter from Carl Little to Fred Ambrose, dated 10/26/1995  [Bates A000744] | No Objection | | |
| PX 60 | Notes of Meeting between Weber Knapp and Fred Ambrose, dated 02/08/1996 [Bates A000736-A000738] | No Objection | | |
| PX 61 | Letter from Fred Ambrose to Carl Little, dated 02/27/1996 [Bates A000712-A000715] | No Objection | | |
| PX 62 | Letter from Carl Little to Fred Ambrose, dated 03/18/1996  [Bates SC05913-SC05914] | No Objection | | |
| PX 63 | Fax from Fred Ambrose to Carl Little, dated 03/25/1996  [Bates SC05910-SC05911] | No Objection | | |
| PX 64 | Letter from Carl Little to Fred Ambrose, dated 04/03/1996 [Bates SC05917-SC05918] | No Objection | | |
| PX 65 | Fax from Fred Ambrose to Carl Little, dated 04/15/1996  [Bates A000677] | No Objection | | |
| PX 66 | Fax from Fred Ambrose to Steve Fox, dated 04/15/1996, with a copy of the Weber Knapp Contract attached   [Bates A000667-A000676] | No Objection | | |
| PX 67 | Letter from Fred Ambrose to Carl Little, dated 04/16/1996  [Bates A000678] | No Objection | | |
| PX 68 | Fax from Carl Little to Fred Ambrose, dated 04/19/1996  [Bates A000666] | No Objection | | |

| PX 69 | Letter from Harry Jones to Steve Fox, dated 05/14/1996, with attachments [Bates A000644-A000655] | No Objection | | |
|-------|--------------------------------------------------------------------------------------------------|--------------|--|--|
| PX 70 | Fax from Fred Ambrose to Carl Little, dated 09/10/1997 [Bates A000578] | R, H, F, P | | |
| PX 71 | Fax Memo from Carl Little to Fred Ambrose, dated 09/10/1997 [Bates A000576-A000577] | R, H, F, P | | |
| PX 72 | Fax Memo from Carl Little to Fred Ambrose, dated 09/11/1997 [Bates A000568] | R, H, F, P | | |
| PX 73 | Letter from Christopher Stamos to Harry Jones, dated 10/15/1997 {Bates A000563-A000564] | R, H, F, P | | |
| PX 74 | Letter from Christopher Stamos to Harry Jones, dated 10/17/1997 [Bates A000534-A000552] | R, H, F, P | | |
| PX 75 | Fax Memo from Carl Little to Fred Ambrose, dated 10/21/1997 [Bates A000532] | R, H, F, P | | |
| PX 76 | Fax from Christopher Stamos to Fred Ambrose, dated 10/27/1997, with attachment of letter from Harry Jones to Christopher Stamos [Bates A000528-A000530] | R, H, F, P | | |
| PX 77 | Letter from Carl Clark to Harry Jones, dated 05/04/1998 [Bates SC00447] | No Objection | | |
| PX 78 | Letter from Harry Jones to Carl Clark, dated 05/28/1998, with attachments [Bates SC00448; SC00443-SC00446] | No Objection | | |
| PX 79 | Defendants' Election on Advice of Counsel, dated 03/03/2003 | R, P | | |

| PX 80 | Steelcase's Privilege Log, dated 12/06/2002 | R, P | | |
|---|---|---|---|---|
| PX 81 | Letter from George Pazuniak to Edmund Sease, dated 04/24/2003, attaching Steelcase's "expanded" privilege log | R, P | | |
| PX 82 | Defendants' Response to Plaintiff Flex-Rest's First Set of Interrogatories To Defendants, Nos. 4 and 6, dated 08/08/2002 | R, P | | |
| PX 83 | Office Details SpecCatalog [Bates A005973-A006067] | No Objection | | |
| PX 84 | Cover plus excerpts from Office Details SpecCatalog [Bates A005973; A006030-A006036, A006040, A006042] | No Objection | | |
| PX 85 | Withdrawn | | | |
| PX 86 | Installation Instructions for 99274 Keyboard Support | No Objection | | |
| PX 87 | Installation Instructions for Compact Platform | No Objection | | |
| PX 88 | Installation Instructions for Compact Platform | No Objection | | |
| PX 89 | Withdrawn | | | |
| PX 90 | Withdrawn | | | |
| PX 91 | Withdrawn | | | |
| PX 92 | Installation Instructions for Palm Rests for Compact or Slider Platforms | No Objection | | |

| PX 93 | Installation Instructions for Standard Spring Assist Fixed Mount | No Objection | | |
|---|---|---|---|---|
| PX 94 | Installation Instructions for Standard Spring Assist Compact Platform, Extended Spring Assist Compact Platform and Adjustable Writing/Mousing | No Objection | | |
| PX 95 | Installation Instructions Compact Platform | No Objection | | |
| PX 96 | Withdrawn | | | |
| PX 97 | Withdrawn | | | |
| PX 98 | Product Sheet for Spring Assist Mechanism - Extended | No Objection | | |
| PX 99 | Product Sheet for Spring Assist Mechanism – Standard | No Objection | | |
| PX 100 | Withdrawn | | | |
| PX 101 | Withdrawn | | | |
| PX 102 | Installation Instructions for Cushioned Replacement for Palm Rests | No Objection | | |
| PX 103 | George, Patent No. 5,230,289 for "Keyboard Support Assembly," issued 07/27/1993  [Bates SC00573-SC00585] | No Objection | | |
| PX 104 | Letter from Thomas McKinley to Bruce Preston, dated 03/05/1991, attaching draft of patent application  [Bates SC00517-SC00547] | No Objection | | |
| PX 105 | File History of Patent No., 5,230,289 [Bates A007170-A007292] | No Objection | | |

| | | | | |
|---|---|---|---|---|
| PX 106 | Features of KBS Device  [Bates SC00488] | No Objection | | |
| PX 107 | Withdrawn | | | |
| PX 108 | Physical Exhibit – Steelcase's Compact Device | No Objection | | |
| PX 109 | Withdrawn | | | |
| PX 110 | Physical Exhibit – Steelcase's 99274 Device | No Objection | | |
| PX 111 | Withdrawn | | | |
| PX 112 | Withdrawn | | | |
| PX 113 | Physical Exhibit – Flex-Rest's Prototype Device | No Objection | | |
| PX 114 | License Agreement between WorkRite Ergonomic Accessories and Office Details, Inc., dated March 2001 [Bates SC05416-SC05427] | R | | |
| PX 115 | Withdrawn | | | |
| PX 116 | Withdrawn | | | |
| PX 117 | Withdrawn | | | |
| PX 118 | Withdrawn | | | |
| PX 119 | Withdrawn | | | |
| PX 120 | 1988 American National Standard for Human Factors Engineering of Visual Display Terminal Workstations  [Bates A009886-A009900] | R, P, H, F, M | | |

| PX 120-A | Excerpts from 1988 American National Standard for Human Factors Engineering of Visual Display Terminal Workstations [A009886; A009887; A009896] | R, P, H, F, M | | |
|---|---|---|---|---|
| PX 121 | International Standard – ISO 9241-4, dated 08/01/1998 [Bates A009709-A009741] | R, P, H, F, M | | |
| PX 121-A | Excerpt from International Standard – ISO 9241-4, dated 08/01/1998 [Bates A09709; A009721; A009722] | R, P, H, F, M | | |
| PX 122 | International Standard – ISO 9241-5, dated 10/01/1998 [Bates A009678-A009708] | R, P, H, F, M | | |
| PX 122-A | Excerpt from International Standard – ISO 9241-5, dated 10/01/1998 [Bates A009678; A009679; A009697] | R, P, H, F, M | | |
| PX 123 | Article – Gerr, "A Prospective Study of Computer Users: I. Study Design and Incidence of Musculoskeletal Symptoms and Disorders," *American Journal of Industrial Medicine,* 41:221-235 (2002) [Bates A009871-A009885] | R, P, H, F, M | | |
| PX 124 | Article – Marcus, "A Prospective Study of Computer Users: II. Postural Risk Factors for Musculoskeletal Symptoms and Disorders," *American Journal of Industrial Medicine*, 41:236-249 (2002) [Bates A009857-A009870] | R, P, H, F, M | | |
| PX 125 | Demonstrative – Time Line | Res | | |
| PX 126 | Steelcase Sales Information [Bates SC01225-SC001253] | R, M | | |
| PX 127 | Steelcase 2000 Annual Report [Bates A006812-A006875] | R, P, M | | |

| PX 128 | Steelcase 2001 Annual Report  [Bates A006876-A006903] | R, P, M | | |
|--------|--------------------------------------------------------|---------|---|---|
| PX 129 | Steelcase 2002 Annual Report  [Bates A006904-A007008] | R, P, M | | |
| PX 130 | Withdrawn | | | |
| PX 131 | List of Steelcase's devices accused of infringing Ambrose Patent No. 5,709,489 | R, P, H, F | | |
| PX 132 | Withdrawn | | | |
| PX 133 | Summary of Flex-Rest Sales for 1998 – February 2003  [Bates A009672-A009677] | No Objection | | |
| PX 134 | Flex-Rest Sales Analysis Report, by Sales Account  [Bates A006544] | No Objection | | |
| PX 135 | History of Flex-Rest Sales for 1991 and 1992  [Bates A005700-A005701] | No Objection | | |
| PX 136 | Summary of Steelcase Accused Devices '489 Patent | R, P, H, F, M | | |
| PX 137 | Withdrawn | | | |
| PX 138 | Withdrawn | | | |
| PX 139 | Flex-Rest – Summary of Products Sold Under '489 Patent | R, P, H, F, M | | |
| PX 140 | Flex-Rest – Incremental Profit Calculation (Per Unit) | R, P, H, F, M | | |
| PX 141 | Lost Profits Calculation for '489 Patent | R, P, H, F, M | | |
| PX 142 | Withdrawn | | | |

| | | | | |
|---|---|---|---|---|
| PX 143 | Summary of Steelcase Sales and Costs of Accused Devices – '489 Patent | R, P, H, F, M | | |
| PX 144 | Reasonable Royalty Calculation for '489 Patent | R, P, H, F | | |
| PX 145 | Withdrawn | | | |
| PX 146 | Withdrawn | | | |
| PX 147 | 2003 Details Catalog | No Objection | | |
| PX 148 | Photograph of Flex-Rest Label | No Objection | | |
| PX 149 | Current Flex-Rest Label | No Objection | | |
| PX 150 | Demonstrative Exhibit – Lost Profits By Year | Res | | |
| PX 151 | Demonstrative Exhibit – Lost Profits As a Portion of Total Sales | Res | | |
| PX 152 | Demonstrative Exhibit – $9.66 Reasonable Royalty by Year | Res | | |
| PX 153 | Demonstrative Exhibit – $9.66 Reasonable Royalty as a Portion of Total Sales | Res | | |
| PX 154 | Demonstrative Exhibit – $20.25 Reasonable Royalty By Year | Res | | |
| PX 155 | Demonstrative Exhibit – Ambrose Color Coded Chart for Claim 1 of the '489 Patent | Res | | |
| PX 156 | Demonstrative Exhibit – Color coded chart of Ambrose '489 patent, Figures 2 and 6 | Res | | |

| | | | | |
|---|---|---|---|---|
| PX 157 | Demonstrative Exhibit – Ambrose color coded chart for claims 2 and 3 of the '489 patent | Res | | |
| PX 158 | Demonstrative Exhibit – Chart of accused mounting brackets and keyboard platforms | Res | | |
| PX 159 | Demonstrative Exhibit – Color coded chart of Steelcase 99274PR unit | Res | | |
| PX 160 | Demonstrative Exhibit – Color coded chart of Steelcase Compact unit | Res | | |
| PX 161 | Steelcase Summary Sales Sheet for Compact and 99274 | No Objection | | |
| PX 162 | Steelcase Summary Sales Sheet for units sold of Compact and 99274 | No Objection | | |
| PX 163 | Steelcase Operating Income on Accused Products | Res | | |
| PX 164 | Reasonable Royalty Calculations '489 Patent | Res | | |
| PX 165 | Infringing Share as Percentage of Total Steelcase Product s- Share Analysis '489 Patent | Res | | |
| PX 166 | Lost Profits Calculation – Based Upon Share Aalysis '489 Patent | Res | | |
| PX 167 | Reasonable Royalty Calculations – Based Upon Share Analysis '489 Patent | Res | | |

| | | | | |
|---|---|---|---|---|
| PX 168 | Damages Summary – Based Upon Share Analysis '489 Patent | Res | | |
| PX 169 | $20.25 Reasonable Royalty as a Portion of Total Sales | Res | | |

Plaintiffs also reserve the right to introduce any exhibit identified on Defendants' Exhibit List.

## B.  DEFENDANTS' EXHIBITS

Plaintiffs' objections are denoted as follows:

R = Relevancy, F.R.E. 402
P = Prejudice F.R.E. 403
C = Cumulative, F.R.E. 403
L =  Lack of Personal Knoweldge, F.R.E. 602
H = Hearsay, F.R.E. 802
F = Foundation/Authenticity, F.R.E. 901
M = Subject of Motion in Limine
Res = Objection Reserved (not yet seen)
S = Settlement

Steelcase will move the admission of the exhibits listed below.  Some of the exhibits may be withdrawn if earlier introduced by Plaintiffs to avoid unnecessary duplication of exhibits (but not if the exhibits are part of a relevant series of exhibits).

| No. | Exhibit | Objections Fed. R. Evid. | Offered | Admit/Not Admitted (A) - (NA) |
|-----|---------|--------------------------|---------|-------------------------------|
| DX 501 | Withdrawn – PX 1 | -- | | |
| DX 502 | U.S. Patent Number 5,961,231, dated 10/05/1999 [DDX 502] | R (Not prior art) | | |
| DX 503 | Prosecution histories of applications leading to U.S. Patent 5,709,489 [DDX 503] | No Objection | | |
| DX 504 | Prosecution histories of applications leading to U.S. Patent 5,961,231 [DDX 504] | R (Not prior art) | | |
| DX 505A | GF Furniture Systems Brochure – Articulating Keyboard Supports, dated 1984 [DDX 575] | H, R (Not prior art) | | |
| DX 505B | GF Furniture Systems Brochure – Articulating Keyboard Supports – Same as DX 505A, but has Steelcase receipt date, 1984 [SC00412-17] | F, H, R (Not printed publication) | | |
| DX 506 | GF Furniture Systems – O.P.S. Open Plan System Price List, dated 06/12/1984 [DDX 576] | H, R (Not printed publication) | | |
| DX 507 | GF Furniture Systems – Open Plan System Installation Instructions [DDX 578] | H, R (Not printed publication) | | |
| DX 508 | Demonstrative – GF Brochure | Res | | |
| DX 509 | Steelcase Installation Directions – Articulated Keyboard Shelf 99274, dated 11/23/1988 [SC00094-99] | R, H, F | | |

| DX 510 | Preprints of International Conference Ergonomics, Occupational Safety and Health and the Environment – Volume 1, including Stack, Barbara (1988), "Repetitive Strain Injury – Prevention and Rehabilitation," dated 10/24-28/1988 [DDX 587, 583 & 584] | H, R (Not prior art; not printed publication) | | |
|---|---|---|---|---|
| DX 511 | Library index card from Linda Hall Library – International conference on ergonomics, occupational safety and health and the environment [DDX 582, 586] | R, H | | |
| DX 512 | Reserved | Res | | |
| DX 513 | Withdrawn | -- | | |
| DX 514 | Withdrawn | -- | | |
| DX 515 | U.S. Patent Number 5,048,784 – Schwartz, dated 09/17/1991 [DDX 529] | No Objection | | |
| DX 516 | U.S. Patent Number 5,273,250 – Pemberton, dated 12/28/1993 | R | | |
| DX 517 | Videotape of Ergo 2000 1989 U.S. West Installation Keyboard Support [DDX 567] {No sound} | R, H, P, F | | |
| DX 518 | Purchase Order – To U.S. West Communications (Vendor: Versatile Products), dated 06/30/1989 [DDX 568] [SC05962-67] | R, F, H | | |
| DX 519 | U.S. West Ergo 2000 Installation Photos [DDX 569] [SC05968-73] | R, F, H | | |
| DX 520 | Demonstrative – Picture of Ergo 2000 1989 Support correlated to '489 patent claims 1-3 | Res | | |

| | | | | |
|---|---|---|---|---|
| DX 521 | Letter to Frederic Ambrose from Carl Little (Weber Knapp) regarding letter of intent for license agreement, dated 03/18/1996  [DDX 518]  [A001308-09] | No Objection | | |
| DX 522 | Letter to Carl Little from Fred Ambrose enclosing video, dated 04/16/1996  [DDX 517]  [A001273] | No Objection | | |
| DX 523 | U.S. Patent Number 5,041,770 – Seiler, dated 08/20/1991  [DDX 530]  [A000366-79] | No Objection | | |
| DX 524 | Letter to Frederic Ambrose from Steven Fox, dated 05/14/1996  [DDX 599]  [A000622-25] | R, P, Privileged | | |
| DX 525 | Letter to Steven Fox from Harry Jones (Pennie & Edmonds), dated 05/14/1996  [DDX 519]  [A000644-55] | R, P, H | | |
| DX 526 | Letter to Frederic Ambrose from Steven Fox regarding letter from Harry Jones, dated 05/20/1996  [DDX 600]  [A000642-43] | R, P, Privileged | | |
| DX 527 | Letter to Paul Hayes from Steven Fox regarding letter from Harry Jones, dated 05/20/1996  [DDX 601]  [A000640-41] | R, P, Privileged | | |
| DX 528 | Memo to Dean Bostosk and Paul Hayes from Fred Ambrose regarding letter from Harry Jones, dated 05/21/1996  [DDX 602]  [A000638-39] | R, Privileged | | |
| DX 529 | Memo to Paul Hayes from Steven Fox enclosing draft IDS, dated 05/23/1996  [DDX 603]  [A000633-37] | R, Privileged | | |
| DX 530 | Memo to Paul Hayes from Steven Fox enclosing revised draft IDS, dated 05/27/1996  [DDX 604]  [A000630-32] | R, Privileged | | |

| DX 531 | Letter to Steven Fox from Dale Thiel regarding Ambrose patents, dated 03/12/1997 [DDX 523] [A000002-12] | R, H | | |
|---|---|---|---|---|
| DX 532 | Letter to Frederic Ambrose from Steven Fox regarding letter from Haworth, dated 03/21/1997 [DDX 607] [A001284] | R, Privileged | | |
| DX 533 | Letter to Frederic Ambrose from U.S. Department of Justice (Ira Kirschbaum) regarding U.S. West installation, dated 07/07/1997 [DDX 524] [A000570-71] | R, H, P | | |
| DX 534 | Excerpts from prosecution history of Flex-Rest's Patent 5,709,489 | No Objection | | |
| DX 535 | Fax to Christopher Stamos from Fred Ambrose regarding Weber Knapp letters, dated 09/04/1997 [DDX 608] [A000569] | R, Privileged | | |
| DX 536 | 37 Code of Federal Regulations (Patents, Trademarks and Copyright) section 1.56, dated 07/01/1995 | Not Evidence | | |
| DX 537 | MPEP – Chapter 2000 – Duty of Disclosure, dated July 1998 | Not Evidence | | |
| DX 538 | Jane Fulton Notebook, dated May 1990 – May 1991 [SC01254-63] | F, H, R (Not prior art) | | |
| DX 539 | Keyboard support features comparison chart, dated 06/22/1990 [SC04042] | H, F | | |
| DX 540 | Report from Steven Marlow of Ross Cooper (Conclusions – Keyboard support) [SC00674-78] | H, F | | |
| DX 541 | Fax to Rickson Sun from Laura Silverman enclosing report from Steven Marlow of Ross Cooper (Conclusions – Keyboard Support), dated 08/20/1990 [SC02979] | H, R (Not prior art) | | |

| DX 542 | Fax to Jim Kenyon from Rickson Sun enclosing memo regarding status report, dated 08/20/1990  [SC00710-712] | H, R (Not prior art) | | |
|---|---|---|---|---|
| DX 543 | Research Report – Laura Silverman, dated 08/24/1990  [SC00683-696] | H, R (Not prior art) | | |
| DX 544 | Letter to Dennis Kreps from Thomas McKinley regarding KBS search, color photos attached, dated 09/04/1990 [SC06074-75] | H, R (Not prior art) | | |
| DX 545 | Palm Rest pre-release drawings, dated 09/1990  [SC00776-78] | R (Not prior art) | | |
| DX 546 | Fax to Jack Beckering from Bill George enclosing an updated exploded view sketch, dated 10/15/1990  [SC03109-10] | R (Not prior art) | | |
| DX 547 | Memo to Jack Beckering, John Welch from Bill George regarding keyboard testing, dated 10/22/1990  [SC03104-06] | R (Not prior art) | | |
| DX 548 | Product Test Laboratory Report – Details Articulated Keyboard, dated 11/16/1990 [SC05333-48] | R (Not prior art) | | |
| DX 549 | Steelcase/Details Keyboard Support Comparative Tooling Cost Estimates, dated 11/13/1990  [SC03032] | R (Not prior art) | | |
| DX 550 | Steelcase/Details Keyboard Drawing Release Schedule, dated 11/19/1990 [SC00626] | R (Not prior art) | | |
| DX 551 | Memo to Jim Cottrell from Bill George regarding status report, dated 11/20/1990  [SC00973-74] | R (Not prior art) | | |
| DX 552 | Project update: Keyboard support, dated 11/29/1990   [PX 49] [SC00815-16] | R (Not prior art) | | |

| DX 553 | Product Test Laboratory Report – Details Keyboard/Reduced Welds, dated 12/12/1990 [SC05349-53] | R (Not prior art) | | |
|---|---|---|---|---|
| DX 554 | Steelcase KBS drawings, dated 11/1990 [SC05737-5811] | R (Not prior art) | | |
| DX 555 | Letter to Bruce Preston from Thomas McKinley enclosing draft KBS patent application, dated 03/05/1991 [PX 19] [SC00517-547] | No Objection | | |
| DX 556 | U.S. Patent Number 5,230,289 – George, dated 07/27/1993 [DDX 516] [A002961-73] | No Objection | | |
| DX 557 | Fred Ambrose write-up, fax, dated 02/05/1991 [DDX 533] [A005465-67] | No Objection | | |
| DX 558 | Letter from Fred Ambrose regarding Flex-Rest, dated 1991 [PX 15] [SC01283] | No Objection | | |
| DX 559 | Flex-Rest brochure – Because Your Employer Cares, dated 1991 [DDX 541] [A001268] | No Objection | | |
| DX 560 | Photos – Flex-Rest: The Keyboard Assistant, dated 1991 [PX 17] [A004869-73] | No Objection | | |
| DX 561 | Letter to Bruce Preston from Frederic Ambrose regarding Flex-Rest information package, dated 03/06/1991 [PX 14] [SC01281] | No Objection | | |
| DX 562 | Waiver signed by Ambrose, dated 03/06/1991 [A004895] | No Objection | | |
| DX 563 | Letter to Bruce Preston from Fred Ambrose, dated 06/18/1991 [PX 21] [A004907] | No Objection | | |

| | | | | |
|---|---|---|---|---|
| DX 564 | Letter to Fred Ambrose from Bruce Preston enclosing KBS brochure, dated 06/27/1991 [DDX 508] [A002976-78] | No Objection | | |
| DX 565 | Letter to Fred Ambrose from Bruce Preston, dated 08/07/1991 [DDX 513] [A004633] | No Objection | | |
| DX 566 | Details KBS brochure [DDX 510] [A004626-27] | R (Not prior art) | | |
| DX 567 | Computer Support Tools (brochure/price list) [DDX 511] [A001687-88] | R (Not prior art) | | |
| DX 568 | Details KBS brochure [DDX 512] [A002981] | R (Not prior art) | | |
| DX 569 | Letter to Carl Clark from Harry Jones, dated 05/19/1997 [SC00430-442] | No Objection | | |
| DX 570 | Withdrawn – PX 51 | -- | | |
| DX 571 | Withdrawn – PX 55 | -- | | |
| DX 572* | Notice of Recordation of Assignment from PTO, dated 01/15/1998 [A003029-34] | No Objection | | |
| DX 573* | Withdrawn – PX 33 | -- | | |
| DX 574* | Flex-Rest, Inc. Balance Sheets and Statements of Income for 1998-2001, dated 12/31/1999 [A009660-71] | R | | |
| DX 575 | Withdrawn | -- | | |
| DX 576 | Demonstrative – Time Line | Res | | |
| DX 577 | Demonstrative – Steelcase's KBS | F, P, R (Not prior art) | | |

| DX 578 | Demonstrative – KBS Test Report | F, P, R (Not prior art) | | |
|---|---|---|---|---|
| DX 579 | Demonstrative – KBS Drawings, dated 11/12/1990 | F, P, R (Not prior art) | | |
| DX 580 | Demonstrative – Steelcase/Details Keyboard support – exploded view, dated 10/15/1990 | Res | | |
| DX 581 | Demonstrative – KBS' Hand Support Height Adjustment | R (Not prior art); Other objections reserved | | |
| DX 582 | Demonstrative – '489 claims chart | Res | | |
| DX 583 | Physical sample of 99274 keyboard support | Res | | |
| DX 584 | Physical sample of KBS keyboard support | R (Not prior art); Other objections reserved | | |
| DX 585 | Physical samples of Steelcase's keyboard supports | Res | | |
| DX 586 | Article, Alan Hedge, "Wrist postures etc" [A001873-82] | H, R (Not prior art) | | |
| DX 587 | '489 Claim Summary | | | |
| DX 588 | Demonstrative – operation of keyboard | | | |
| | | | | |

Steelcase also reserves the right to introduce any exhibit identified on Plaintiffs' Exhibit List.

* The Exhibits marked with an "*" mean that the exhibits may not be introduced into evidence, and, if introduced, will be introduced for a limited purpose only. Some of the exhibits are included solely for the inequitable conduct hearing before the Court and not for the jury trial.

## 2.  UNCONTROVERTED FACTS

The parties have agreed that the following may be accepted as established facts:

1.      This is a patent infringement action brought by Plaintiffs, Frederic C. Ambrose and Flex-Rest, LLC against Defendants, Steelcase Inc. and its wholly-owned subsidiary, Office Details Inc.

2.      Plaintiff  Frederic C. Ambrose is an individual and a citizen and resident of the Commonwealth of Massachusetts, residing at 142 The Channel, Brewster, Massachusetts 02631.

3.      Plaintiff Flex-Rest, LLC  is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 7 Brookfield Street, Worcester, Massachusetts 01605.

4.      Defendant Steelcase Inc. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 901 44th Street Southeast, Grand Rapids, Michigan 49508.

5.      Defendant Office Details Inc. is a corporation organized and existing under the laws of the State of Michigan with is principal place of business at 25 Ottawa SW, Grand Rapids, Michigan 49503.  It is a wholly-owned subsidiary of Steelcase Inc.

6.      The Court has jurisdiction over the parties and the subject matter of this dispute.

7.      United States Letters Patent No. 5,709,489 ("the '489 patent") entitled "KEYBOARD POSITIONING SYSTEM" was issued by the United States Patent and Trademark Office ("PTO") on January 20, 1998.

8.    Plaintiff Flex-Rest, LLC is owner of all right, title and interest in the '489 patent.  Flex-Rest owned the '489 patent during the period of alleged infringement in this case.

9.    For purposes of this case, it is stipulated that there is no difference between the actions or standing of Defendants Steelcase Inc. and Office Details Inc., the actions of both may be deemed to be the actions of the other, and the two may be collectively referred to as "Steelcase."

9.    Defendant Office Details Inc. is the manufacturer of various keyboard supports, including all keyboard supports, the 99274PR and Compact, charged with infringement, and sells such keyboards to third-parties, including the Steelcase network of dealers.

11.   The sales of the accused keyboard supports were provided by Steelcase to Flex-Rest on November 10, 2003, and have been marked as PX 161.

12.   The earliest drawing or photograph relating to any keyboard support conceived or designed by Fred Ambrose is dated January 3, 1991.

13    Plaintiffs acknowledge that, based upon this Court's Order of November 10, 2003, (incorporating the Memorandum Opinion of the same date) interpreting the term "clamp" in the '489 patent claims 1-3, Steelcase's previously accused Stella, Slider, and Equilibrium keyboard supports cannot be proved to infringe, and that an Order of summary judgment of non-infringement for failure of the units to have a "clamp" as defined in the November 10, 2003, Order is appropriate.  This acknowledgement is made without prejudice to Plaintiffs' right to appeal with respect to the Order of November 10, 2003, and the definitions therein provided.

The parties make no other stipulations, leaving the remaining issues to prove at trial.

### 3. CONTROVERTED FACTS AND UNRESOLVED ISSUES

The factual issues remaining to be determined and issues of law for the Court's determination are:

**A.      FACT ISSUES FOR THE JURY**

**(1)      Both Parties Agree the Following Are Fact Issues For the Jury:**

1.      Whether Steelcase's 99274PR and Compact keyboard supports infringe claims 1, 2, and 3 of the '489 patent either literally or under the Doctrine of Equivalents.

2.      If the '489 patent claims were infringed by the 99274PR and Compact keyboard supports and are not invalid and are enforceable, whether Steelcase's infringement of the '489 patent was willful.

3.      The amount of damages for the infringement of the '489 patent, if the patent claims are infringed, valid, and enforceable.

4.      Regarding the validity of the '489 patent, whether the '489 patent claims are anticipated or rendered obvious in view of the prior art.

5.      The priority date for claims 1 through 3 of the '489 patent.

6.      Whether the disclosure of the '489 patent meets the enablement and written description requirements of 35 U.S.C. § 112.

**(2)  Plaintiffs Contend the Following Are Additional Fact Issues For the Jury:**

7.      Subject to the Plaintiffs' motion in limine determination, whether Steelcase was a prior inventor under 35 U.S.C. §102(g), with appreciation of the invention of claims 1-3 of the '489 patent.

**(3)  Defendants Contend the Following Are Additional Fact Issues For the Jury:**

8.    The specific issues regarding the invalidity under 35 U.S.C. §§ 102 and 103 are whether the claims 1-3 of the '489 patent are invalid in view of the following defenses in the event that the '489 patent claims are entitled to the priority date of the first February 1991 patent application.

a.   claims 1-3 anticipated under 35 U.S.C. §§ 102(a), (b), or (g), by either (i) the GF publications (including brochure, installation instruction and Price List, DX 505-507), or (ii) Steelcase's KBS as it existed prior to Ambrose's first conception of the subject matter of the '489 patent claims;

b.   claims 1-3 are invalid for obviousness under 35 U.S.C. § 103, in view of the level of skill in the art and one or more of the following references:

i.   The GF publication (including brochure, installation instruction and Price List, DX 505-507);

ii.   The Stack Article, DX 510;

iii.   The Ergo 2000 keyboard support workstations installed at U.S. West in 1989, as reflected in DX 517;

iv.   Steelcase's 99274PR keyboard support (as of 1988), as reflected in DX 509;

v.   Schwartz Patent 5,408,784; and

vi.   Steelcase's KBS as it had been developed prior to Ambrose's conception of the subject matter of the '489 patent claims.

### B. FACT ISSUES FOR THE JUDGE

**(1) Both Parties Agree the Following Are Fact Issues For the Judge:**

1. Whether Plaintiffs can recover its attorneys fees and legal expenses as an exceptional case under 35 U.S.C. § 285?

2. Whether Steelcase is entitled to its attorney fees and litigation expenses, or any part thereof, in defending the present action under 35 U.S.C. § 285, Fed. R. Civ. P. Rules 11 or 36, and/or 28 U.S.C. § 1927?

**(2) Plaintiffs Contend the Following Are Additional Fact Issues For the Judge:**

3. Regarding Steelcase's allegations of inequitable conduct with respect to the '489 patent, whether the information concerning the Seiler device allegedly sold to U.S. West was material and whether there was any requisite intent to deceive the PTO?

4. Whether the GF publication is legal prior art? This is the subject of one of Plaintiffs' motions in limine.

5. Whether the Stack article is legal prior art? This is the subject of one of Plaintiffs' motions in limine.

6. Whether the Seiler device and alleged sale of the Seiler device in 1989 constitute legal prior art? This is the subject of one of Plaintiffs' motions in limine.

**(3)     Defendants Contend the Following Are Additional Fact Issues For the Judge:**

7.     (Mixed question of fact, law and discretion)  Whether Steelcase has proven inequitable conduct in that Plaintiffs had withheld from the Patent Office information concerning the Ergo 2000 workstation (including their keyboard support) sold to U.S. West in 1989, and information concerning the Steelcase KBS keyboard support, which were material with respect to the application for the '489 patent with the requisite inequitable intent?

8.     (Mixed question of fact, law and discretion)  Whether Defendants have proven a basis to recover their attorney fees and litigation expenses on the grounds that Plaintiffs had asserted United States Patent 5,961,231 in this action, which Plaintiffs had procured through inequitable conduct in that Plaintiffs had withheld from the Patent Office information concerning the U.S. Patent No. 5,230, 289 and the Steelcase KBS keyboard support which were material with respect to the application for the '231 patent with the requisite inequitable intent?


**C.     ISSUES OF LAW**

**(1)  Both Parties Agree the Following Are Issues of Law:**

1.     Whether the '489 patent is enforceable as a matter of equity?

2.     If the jury finds willfulness, should the Court increase the damages up to three times the amount found, pursuant to 35 U.S.C. § 284?

3.     If infringement is found and the '489 patent is not invalid and enforceable, should injunctive relief be granted to enjoin the further manufacture and sale of the infringing 99274PR and Compact devices with respect to the '489 patent claims 1-3?

**(2) Plaintiffs Contend the Following Are Issues Of Law:**

4.      Whether or not recognition and appreciation of the invention is required under 35 U.S.C. § 102(g) by the persons alleged to be prior inventors before it can be used as legal prior art?

5.      If damages are awarded pursuant to 35 U.S.C. § 284, what amount of prejudgment interest should be awarded, and what rate of interest should be applied?


**(3) Defendants Contend the Following Are Issues Of Law:**

6.      Whether Plaintiff Frederic C. Ambrose had a legal interest in the '489 patent at any time during the period of alleged infringement of this case, and whether he had or has any Constitutional or statutory standing to bring a patent infringement action against Defendants.

7.      Whether Defendant Flex-Rest, LLC can assert a claim for lost profits, when Flex-Rest, LLC has never made, offered for sale or sold any keyboard supports.

8.      Whether recognition and appreciation of the claimed invention is required under 35 U.S.C. § 102(g) before it can be used as prior art, and if so, what constitutes such required recognition and appreciation in view of the '489 patent claims 1-3.

9.      Whether the standard for invalidity of the '489 patent should be the "clear and convincing evidence" or the "preponderance of the evidence" standard, where the prior art relied upon by Defendants was never presented to the Patent Office, and the patent applicants deliberately withheld some of the asserted prior art from the Patent Office.

10. Do Plaintiffs bear the burden of proof that any of the asserted prior art by Defendants is non-enabling? *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313 (Fed. Cir. 2003).

11. Whether Plaintiffs may introduce any evidence that Defendants received any advice of counsel, or suggest that the jury can draw an adverse inference from any failure by Defendants to waive attorney-client privilege by disclosing any such attorney opinions.

12. Whether the Court should rule by motion in limine that the following are prior art as a matter of law in view of the record: (a) GF publications (including brochure, installation instruction and Price List, DX 505-507; (b) the Stack Article, DX 510; and (c) the Ergo 2000 workstations installed at U.S. West in 1989.

13. Whether pre-judgment interest is required to be presented as part of Plaintiffs' patent infringement damage case, or whether the Court can subsequently add pre-judgment interest to any patent infringement damages found by the jury.

Plaintiffs reserve the right to contest any additional facts Steelcase seeks to prove at trial and to file timely motions if the need arises. Defendants reserve the right to contest any additional facts Plaintiffs seek to prove at trial and to file timely motions as the need arises.

# 4. WITNESSES

Non-expert witnesses to be called by the Plaintiffs and Defendants, except those who may be called for impeachment purposes only are:

### A. **Non-Expert Witnesses**:

#### 1. **Plaintiffs' Non-Expert Witnesses**

**NAME/ADDRESS**

| | |
|---|---|
| Frederic C. Ambrose<br>Flex-Rest, LLC<br>7 Brookfield Street<br>Worcester, Massachusetts 016005<br>Telephone Number: (508) 896-4478 | Expected to testify in person. |
| Nancy Ambrose<br>Flex-Rest, LLC<br>7 Brookfield Street<br>Worcester, Massachusetts 016005<br>Telephone Number: (508) 896-4478 | Expected to testify in person. |
| Dr. Brian O'Malley<br>410 Commercial Street<br>Provincetown, Massachusetts 02657<br>Telephone Number: (508) 487-2571 | May testify in person |
| Bruce Preston (Adverse Witness)<br>Manager, Technical Legal Services – retired<br>Steelcase Inc.<br>Grand Rapids, Michigan | Expected to testify in person, but may be by reading of deposition |
| Rickson Sun (adverse rebuttal witness)<br>100 Forest Avenue<br>Palo Alto, California | If allowed to testify, will testify by reading of deposition, if not present at trial |
| William George (adverse rebuttal witness)<br>435 Oxford Way<br>Santa Cruz, California 95060 | If allowed to testify, will testify by reading of deposition, if not present at trial |
| Sean Corcorran (adverse rebuttal witness)<br>100 Forest Avenue<br>Palo Alto, California 94301 | If allowed to testify, will testify by reading of deposition, if not present at trial |

**Defendants' Objections to Plaintiffs' Fact Witnesses:** None.

## 2. **Defendants' Non-Expert Witnesses**

Frederic C. Ambrose                     Will testify in person at trial
142 The Channel
Brewster, Massachusetts  02631

Richard Benoit                          Will testify in person at trial
543 Rosewood Avenue
Grand Rapids, Michigan

Steven Channer                          Will testify in person at trial
25 Ottawa, SW
Grand Rapids, Michigan  49503

John Charles Cottrell                   May testify in person at trial
4700 60th Street, SE
Grand Rapids, Michigan  49512

William George                          Will call to testify by deposition if not available to
435 Oxford Way                          testify in person at trial.
Santa Cruz, California  95060

Jeff Musculus                           May testify in person at trial
Steelcase Inc.
6100 E. Paris Ave.
Calendonia, Michigan   49316

Donald Pangborn                         Will testify in person at trial
Weber Knapp Company
441 Chandler Street
Jamestown, New York   14701

Bruce Preston                           Will testify in person at trial
2301 Burning Tree Dr. SE
Grand Rapids, Michigan   49546

Donald K. Seiler                        Will call to testify by deposition if not available to
P.O. Box 251                            testify in person at trial
520 West Street
Van Meter, Iowa   50261

Jane Fulton Suri                        May testify in person at trial

Pier 28 Annex The Embarcadero
San Francisco, California  94105

Morton Ari Cohen                          Will testify by way of deposition
1752 East 31st Street
Brooklyn, New York   11234

Sean Corcorran                            Will testify by way of deposition
100 Forest Avenue
Palo Alto, California   94301

Nancy K. Day                              Will testify by way of deposition
5109 Cherry Street
Kansas City, Missouri  64110-2498

Steven Fox                                Will testify by way of deposition, unless present at
24 Fox Run, Unit 7                        trial.
Marshfield, Massachusetts  02110

Gary Gushara                              Will attempt to have testify live, but if unavailable will
525 Steam Plant Road                      testify by way of deposition
Gallatin, Tennessee

Christopher Stamos                        Will testify by way of deposition, if not present at trial.
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, Massachusetts   02110

Rickson Sun                               May testify by way of deposition, or will testify in
100 Forest Avenue                         person if William George is unavailable to testify in
Palo Alto, California                     person at trial.


Defendants also list all persons listed by Plaintiffs as potential trial witnesses.

**Plaintiffs' Objections To Defendants' Fact Witnesses:**

Plaintiffs object to any named fact witness who testifies specifically that they were a prior inventor of the '489 patent claims in issue.


      **B.**    **Expert Witnesses:**

Expert witnesses to be called by the Plaintiffs and Defendants, except those who may be called for impeachment purposes only, are:


### 1. Plaintiffs' Expert Witnesses


| NAME/ADDRESS | QUALIFICATIONS |
| --- | --- |
| Joseph Gemini<br>DUGGAN, KENNING & GEMINI, L.L.C.<br>53 W. Jackson Blvd., Suite 400<br>Chicago, IL 60604-3606<br>Phone: 312-294-6400<br><br>[Expected to testify in person at trial.] | Mr. Gemini is a Certified Public Accountant experienced in patent damage modeling. He received his MBA in Finance from DePaul University in 1997 and a BBA in Accounting from Western Illinois University in 1985. He received his CPA in 1987. He has practiced with the firm of Duggan, Kenning & Gemini since 1985. Mr. Gemini is a member of the Illinois Society of CPAs and the American Institute of CPAs. He will be offered as an expert on damages models, lost profits, reasonable royalties and as a rebuttal witness to Defendants' economics expert, and will testify pursuant to his expert report and Judge McKeague's *Markman* claim construction of November 10, 2003. |

John Rosecrance, PhD, PT, CPE
Assistant Professor
Colorado State University
College of Veterinary Medicine and
Biomedical Sciences
1681 Campus Delivery
Fort Collins, CO 80523-1861
Phone: 970-491-1405

[Expected to testify in person at trial.]

Dr. Rosecrance is a certified professional ergonomist (CPE), a licensed physical therapist, an assistant professor at Colorado State University, and an adjunct professor at the University of Iowa. He holds a Ph.D. in occupational biomechanics/ergonomics. Generally, he will be offered as a technical expert on the subject matter of the '489 patent infringement, the prior art, and issues of patent validity and enforceability, and will testify pursuant to his expert report and Judge McKeague's *Markman* claim construction of November 10, 2003.

Craig Allen Nard
Case Western Reserve University
11075 East Boulevard
Cleveland, OH 44106-7148
Phone: 216-368-6348

[Expected to testify in person at trial.]

Mr. Nard is a registered patent attorney, professor of law, and former Clerk to the late Judge Rich of the Court of Appeals for the Federal Circuit. Generally, he will be offered as an expert in patent office procedures, patent licensing, and patent infringement, and will testify pursuant to his expert report and Judge McKeague's *Markman* claim construction of November 10, 2003.

**Defendants' Objections to Plaintiffs' Expert Witnesses:**

Defendants object to:

Any testimony by Joseph Gemini relating to lost profits.

Any testimony by John Rosecrance on the issue of validity or enforceability of the '489 patent.

Any testimony by Craig Allen Nard, except with respect to proper issues relating to reasonable royalty.

## 2. Defendants' Expert Witnesses:

| NAME/ADDRESS | QUALIFICATIONS |
|---|---|
| Richard Benoit<br>543 Rosewood Avenue<br>Grand Rapids, Michigan<br><br>[Expected to testify in person at trial.] | Mr. Benoit has a degree in Architectural Engineering from University of Colorado in 1981.  He joined Steelcase in 1986, and worked as an engineer.  In the relevant time frame, Mr. Benoit was the product manager and project leader for the development of the Steelcase KBS keyboard support, responsible for the design, manufacture and marketing of the keyboard support.  In the 1988-94 time period, Mr. Benoit was responsible for introducing six different keyboard supports for Steelcase.  He is expected to testify as to the subject matter of his expert reports and his declarations previously filed in this action, and, in particular, to testify with respect to validity and enforceability issues. |
| Christopher Bokhart<br>InteCap, Inc.<br>101 North Wacker Drive<br>Suite 1600<br>Chicago, Illinois   60606<br><br>[Expected to testify in person at trial.] | Mr. Bokhart is a Certified Public Accountant and Managing Director of InteCap, a national consulting firm dedicated to advising clients and counsel in the areas of business valuation, licensing, and litigation support services.  He is expected to testify as to the subject matter of his expert reports, and, in particular, he will be offered as an expert on damages models, the lack of any lost profits (if allowed to be introduced to the jury), reasonable royalties and as a rebuttal witness to Plaintiffs' economics expert. |

### Plaintiffs' Objections to Defendants' Expert Witnesses:

Plaintiffs object to the testimony of Richard Benoit, because he is a percipient fact witness, not qualified as an expert.  He has never testified as an expert before on the matters at issue, and his opinion testimony would not assist the trier of fact.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (A) and (B) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.

### 5. <u>DEPOSITIONS AND OTHER DISCOVERY DOCUMENTS</u>

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the Plaintiffs and the Defendants are as follows. The following key was used for objections to the depositions:

R = Relevancy, F.R.E. 402
P = Prejudice F.R.E. 403
C = Cumulative, F.R.E. 403
L = Lack of Personal Knowledge, F.R.E. 602
H = Hearsay, F.R.E. 802
F = Foundation/Authenticity, F.R.E. 901
M = Subject of Motion in Limine

### 1. <u>Deposition Transcripts Offered By Plaintiffs</u>

| <u>Name</u> | <u>Page / Line No.</u> |
|---|---|
| **a.** **Rickson Sun** | p. 4, lines 8-17 |
| | p. 7, line 21 to p. 8, line 9 |
| | p. 8, line 21 to p. 9, line 4 |
| | p. 9, lines 11-14 |
| | p. 12, lines 11-21 |
| | p. 13, lines 3-16 |
| | p. 15, lines 4-9 and 12-20 |
| | p. 31, lines 4-11 |
| | p. 43, line 19 to p. 44, line 7 |
| | p. 45, lines 2-4, 7-8, and 10-11 |
| | p. 52, lines 10-25 |
| | p. 53, line 2 |
| | p. 58, line 22 to p. 59, line 8 |
| | p. 60, lines 22-24 |
| | p. 61, lines 3-5 |
| | p. 61, line 11 to p. 62, line 1 |

p. 62, line 11 to p. 63, line 14
p. 64, lines 3-8
p. 65, lines 12-14 and 19-24
p. 72, lines 12-18
p. 72, line 23 to p. 73, line 6 and lines 8-12
p. 75, lines 3-8
p. 88, lines 12-24
p. 88, line 25 to p. 89, line 7

**Defendants' Cross Designation to**    p. 62, lines 2-10
**Rickson Sun Deposition:**    p. 63, lines 15-20
p. 65, lines 15-18
p. 66, lines 4-9
p. 88, lines 22-24

**Defendants' Objections to the Deposition of Rickson Sun**

| Page/Line | Objections |
|---|---|
| p. 45, lines 2-4, 7-8, and 10-11 | R, F, L |
| p. 52, lines 10-25 | Ambiguous, R, F,. L |
| p. 53, line 2 | Ambiguous, R, F, L |
| p. 60, lines 22-24 | R, P |
| p. 61, lines 3-5 | R, P |
| p. 61, line 11 to p. 62, line 1 | R, P |
| p. 62, line 11 to p. 63, line 14 | R, P |
| p. 64, lines 3-8 | R, P |
| p. 65, lines 12-14 and 19-24 | R, P |

b.    **William George**    p. 4, lines 8-14 and 17-20
p. 12, lines 3-9 and 16-21
p. 13, lines 2-3 and 7-9
p. 14, lines 10-12
p. 15, lines 8-18
p. 16, lines 4-6
p. 16, line 24 to p. 17, line 3
p. 21, line 24 to p. 22, line 2
p. 25, line 7 to p. 26, line 11
p. 56, lines 22-24
p. 57, lines 4-11

| | | |
|---|---|---|
| c.     **Sean Corcorran** | | p. 4, lines 8-11 and 16-17 |
| | | p. 11, lines 3-5, 9-10, and 15-22 |
| | | p. 12, line 24 to p. 13, line 1 |
| | | p. 13, lines 4-5 and 7-10 |
| | | p. 14, lines 10-16 |
| | | p. 47, line 24 to p. 48, line 9 |
| | | p. 48, lines 14-17 |
| | | p. 49, lines 1-15 |
| | | p. 49, line 23 to p. 50, line 11 and lines 13-21 |

**Defendants' Cross Designation to**   p. 48, lines 10-13 and 19-25
**Sean Corcorran Deposition:**

**Defendants' Objections to the Deposition of Sean Corcorran**

| **Page/Line** | **Objections** |
|---|---|
| p. 47, line 24 to p. 48, line 9 | R, P |
| p. 48, lines 14-17 | R, P |
| p. 49, lines 1-15 | R, P |
| p. 49, line 23 to p. 50, line 11 and lines 13-21 | R, P |

## 2.   Answers to Written Interrogatories and Requests For Admissions Offered by Plaintiffs

a.      Defendant's Answer to Interrogatory No. 4.

b.      Defendant's Answer to Interrogatory No. 6.

c.      Defendant's Election on Advice of Counsel (Court Docket # 34).

### Defendants' Objections:

Defendants object to publishing Defendants' Answer to Interrogatory No. 6 and

Defendants' Election on Advice of Counsel (Court Docket #34) to the jury.

### 3. Deposition Transcripts Offered by Defendants

| Name | Page / Line No. |
|------|-----------------|
| **a.** **Nancy K. Day** | p. 4, lines 8-11 |
| | p. 4, lines 23-25 |
| | p. 6, lines 9-11 |
| | p. 6, lines 20-25 |
| | p. 7, lines 2-4 |
| | p. 7, lines 10-25 |
| | p. 8, lines 1-24 |
| | p. 9, lines 7-10 |
| | p. 9, lines 14-25 |
| | p. 10, lines 1-11 |
| | p. 10, lines 19-25 |
| | p. 11, lines 1-7 |
| | p. 11, lines 14-25 |
| | p. 12, lines 1-13 |
| | p. 13, lines 8-22 |
| | p. 14, lines 2-7 |
| | p. 14, lines 14-25 |
| | p. 15, lines 1-6 |
| | p. 15, lines 10-25 |
| | p. 16, lines 1-2 |
| | p. 16, lines 7-16 |
| | p. 16, lines 22-25 |
| | p. 17, lines 1-7 |
| | p. 19, line 19 to p. 20, line 1 |
| **Plaintiffs' Cross-Designations to** **Nancy K. Day Deposition:** | p. 20, lines 2-4 |
| | p. 22, lines 2-5 |
| | p. 22, lines 10-21 |
| | p. 23, lines 9-22 |
| | p. 23, lines 24-25 |
| | p. 24, lines 1-10 |
| | p. 26, lines 20-25 |
| | p. 27, lines 1-3 (ending at "catalogue.") |

**Plaintiffs' Objections to the Deposition of Nancy K. Day:**

Plaintiffs object to the reading of this deposition, per Plaintiffs' motion in limine regarding the Stack article. The Court has taken the motion under advisement. See, Order of November 18, 2003. If the deposition is to be read at trial, in addition to the objections made in the motion

in limine, Plaintiffs make the following specific objections:

|  | **Page/Line** | **Objections** |
|---|---|---|
|  | p. 14, lines 2-7 | L, H |

**b.**     **Morton A. Cohen**

| | |
|---|---|
| | p. 5, lines 8-14 |
| | p. 7, lines 3-17 |
| | p. 7, lines 21-25 |
| | p. 8, lines 1-6 |
| | p. 8, lines 14-22 |
| | p. 9, lines 7-25 |
| | p. 10, lines 1-10 |
| | p. 10, lines 16-25 |
| | p. 11, lines 1-9 |
| | p. 11, lines 12-16 |
| | p. 12, lines 1-11 |
| | p. 12, lines 15-22 |
| | p. 13, lines 1-14 |
| | p. 13, lines 20-21 |
| | p. 14, lines 5-11 |
| | p. 14, lines 16-22 |
| | p. 15, lines 12-20 |
| | p. 16, lines 11-25 |
| | p. 17, lines 1-3 |
| | p. 17, lines 21-25 |
| | p. 18, lines 1-25 |
| | p. 19, lines 1-9 |
| | p. 19, lines 13-25 |
| | p. 20, lines 2-14 |
| | p. 20, lines 22-25 |
| | p. 21, lines 1-25 |
| | p. 22, lines 1-24 |
| | p. 23, lines 2-24 |
| | p. 24, lines 4-12 |
| | p. 24, lines 16-25 |
| | p. 25, line 1 |
| | p. 25, lines 9-22 |
| | p. 26, lines 1-23 |
| | p, 28, lines 1-6 |
| | p. 29, lines 1-25 |
| | p. 30, lines 1-22 |
| | p. 31, lines 1-25 |

|                                                          |                              |
|----------------------------------------------------------|------------------------------|
|                                                          | p. 32, lines 1-2             |
|                                                          | p. 32, lines 9-16            |
|                                                          | p. 32, line 25              |
|                                                          | p. 33, lines 1-4             |
|                                                          | p. 33, lines 7-25            |
|                                                          | p. 34, lines 1-25            |
|                                                          | p. 35, lines 1-9             |
|                                                          | p. 40, line 25              |
|                                                          | p. 41, lines 1-16            |
| **Plaintiffs' Cross-Designations to Morton A. Cohen Deposition:** | p. 13, lines 15-19           |
|                                                          | p. 19, lines 10-12           |
|                                                          | p. 22, line 25 – p. 23, line 1 |
|                                                          | p. 24, lines 2-3             |
|                                                          | p. 36, lines 8-25            |
|                                                          | p. 37, lines 1-11            |
|                                                          | p. 37, lines 24-25           |
|                                                          | p. 38, lines 1-8             |
|                                                          | p. 43, lines 15-25           |
|                                                          | p. 44, lines 1-2             |
|                                                          | p. 45, lines 6-25            |
|                                                          | p. 46, lines 1-5             |

**Plaintiffs' Objections to the Deposition of Morton A. Cohen:**

Plaintiffs object to the reading of this deposition, per Plaintiffs' motion in limine regarding the Stack article.  The Court has taken the motion under advisement.  <u>See</u>, Order of November 18, 2003.  If the deposition is to be read at trial, in addition to the objections made in the motion in limine, Plaintiffs make the following specific objections:

|                              | <u>Page/Line</u>              | <u>Objections</u> |
|------------------------------|-------------------------------|-------------------|
|                              | p. 24, line 16 – p. 25, line 1 | L                 |
|                              | p. 30, lines 7-10             | L                 |
|                              | p. 32, lines 9-16             | L                 |
|                              | p. 32, line 25 – p. 33, line 4 | L                 |
|                              | p. 33, line 24 – p. 35, line 9 | L                 |
|                              | p. 41, lines 5-16             | L                 |
| **c.    Gary J. Gushura**    | p. 5, lines 4-9               |                   |
|                              | p. 6, lines 8-25              |                   |
|                              | p. 7, lines 1-16              |                   |

p. 7, lines 21-23
p. 8, lines 1-3
p. 8, lines 6-10
p. 8, lines 17-22
p. 8, line 25
p. 9, lines 1-2
p. 9, lines 8-13
p. 9, lines 17-22
p. 10, lines 1-6
p. 10, lines 10-25
p. 11, lines 1-25
p. 12, lines 1-22
p. 12, line 25
p. 13, lines 1-14
p. 13, lines 17-25
p. 14, lines 1-9
p. 14, lines 13-15
p. 14, lines 18-25
p. 15, lines 1-25
p. 16, lines 1-25
p. 17, lines 1-25
p. 18, lines 1-25
p. 19, lines 1-4
p. 19, lines 8-25
p. 20, lines 1-25
p. 21, lines 1-18
p. 21, lines 22-25
p. 22, lines 1-9
p. 22, lines 13-25
p. 23, line 1
p. 23, lines 4-12
p. 23, lines 18-25
p. 24, lines 1-5
p. 24, lines 18-20
p. 25, lines 2-21
p. 25, line 25
p. 26, lines 1-24
p. 35, lines 15-19
p. 36, lines 9-19
p. 37, lines 4-13

**Plaintiffs' Cross-Designations to**
**Gary J. Gushura Deposition:**

p. 13, lines 15-16
p. 27, lines 15-20
p. 28, lines 9-22
p. 29, lines 5-23
p. 30, lines 2-4
p. 30, lines 10-13
p. 33, lines 6-23
p. 34, lines 14-23
p. 35, lines 2-9
p. 37, lines 21-25
p. 38, lines 1-12
p. 38, line 14

**Plaintiffs' Objections to the Deposition of Gary Gushura:**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding the GF publication. The Court denied the motion without prejudice to Plaintiffs' right to challenge the adequacy of the Defendants' foundation for such evidence. See, Order of November 18, 2003. If the deposition is to be read at trial, Plaintiffs make the following specific objections:

| **Page/Line** | **Objections** |
| --- | --- |
| p. 37, lines 4-13 | L |

**d.      Rickson Sun**

p. 7, lines 21-25
p. 8, lines 1-25
p. 9, lines 1-14
p. 9, lines 21-25
p. 10, lines 1-2
p. 10, lines 14-25
p. 11, lines 1-4
p. 11, lines 10-25
p. 12, lines 1-4
p. 12, lines 11-21
p. 13, lines 3-22
p. 15, lines 4-9

p. 15, lines 12-17
p. 23, lines 2-12
p. 23, lines 18-23
p. 24, lines 1-25
p. 25, lines 1-2
p. 26, lines 4-6
p. 26, lines 19-21
p. 28, lines 3-9
p. 29, lines 14-16
p. 28, line 25
p. 29, lines 1-22
p. 30, lines 4-9
p. 30, lines 16-25
p. 31, lines 1-6
p. 31, lines 20-25
p. 32, lines 1-17
p. 32, lines 22-25
p. 33, lines 10-16
p. 34, lines 6-25
p. 35, lines 1-18
p. 36, lines 13-15
p. 36, line 17
p. 36, lines 23-25
p. 37, lines 1-2
p. 38, lines 23-25
p. 39, line 1
p. 39, lines 6-9
p. 39, lines 15-18
p. 42, lines 7-16
p. 42, lines 18-22
p. 43, lines 2-5
p. 43, lines 19-25
p. 44, lines 1-7
p. 44, lines 12-19
p. 44, lines 22-23
p. 45, lines 14-22
p. 46, lines 13-18
p. 47, lines 9-16
p. 52, lines 10-19
p. 52, lines 24-25
p. 54, lines 20-23
p. 55, lines 1-6
p. 55, lines 10-11
p. 56, lines 18-25
p. 58, lines 22-25
p. 59, lines 1-5

p. 59, lines 9-11
p. 59, lines 15-22
p. 60, lines 7-18
p. 71, lines 20-21
p. 71, line 25
p. 72, lines 2-5
p. 72, lines 12-25
p. 73, lines 1-6
p. 73, lines 8-12
p. 74, lines 1-16
p. 82, lines 11-25
p. 83, lines 1-4
p. 83, lines 6-8
p. 83, lines 10-25
p. 84, lines 1-9
p. 84, lines 11-25
p. 85, lines 1-4
p. 85, lines 19-24
p. 86, lines 1-19
p. 86, lines 23-25
p. 87, line 1
p. 87, lines 3-8
p. 87, lines 10-14
p. 87, lines 17-21
p. 87, lines 23-24
p. 88, line 2
p. 88, lines 11-15
p. 88, line 25
p. 89, lines 1-24

**Plaintiffs' Cross-Designations to Rickson Sun Deposition:**

p. 23, lines 24-25
p. 25, lines 3-5
p. 26, lines 9-11
p. 29, lines 23-24
p. 30, lines 13-15
p. 35, lines 19-23
p. 37, lines 3-5 and 9
p. 40, lines 1-7
p. 40, lines 13-22
p. 47, lines 17-24
p. 57, line 1
p. 89, line 25 – p. 90, line 4

**Plaintiffs' Objections to the Deposition of Rickson Sun:**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding the KBS device. The Court denied the motion without prejudice to the Plaintiffs' right to make objections to the admission of subject exhibits at trial. See, Order of November 18, 2003. If the deposition is to be read at trial, Plaintiffs make the following specific objections:

|  | **Page/Line** | **Objections** |
|---|---|---|
|  | p. 45, lines 21-22 | L |
|  | p. 83, lines 2-4 | Leading |
|  | p. 83, lines 6-8 | Leading |
|  | p. 84, lines 6-9 | Leading |
|  | p. 84, lines 11-19 | Leading |
|  | p. 85, lines 19-24 | Leading |
|  | p. 86, line 1 | Leading |
|  | p. 86, line 23 – p. 87, 1 | Leading |
|  | p. 87, lines 3-8 | Leading |
|  | p. 87, lines 10-14 | Leading |
|  | p. 87, lines 17-21 | Leading |
| **e.**      **Steven N. Fox** | p. 5, lines 15-24 |  |
|  | p. 12, lines 21-25 |  |
|  | p. 13, line 1 |  |
|  | p. 13, lines 7-12 |  |
|  | p. 15, lines 2-8 |  |
|  | p. 18, lines 4-12 |  |
|  | p. 18, lines 19-22 |  |
|  | p. 20, lines 8-20 |  |
|  | p. 21, line 1 |  |
|  | p. 21, lines 20-25 |  |
|  | p. 22, lines 1-10 |  |
|  | p. 42, lines 12-18 |  |
|  | p. 43, lines 14-25 |  |
|  | p. 44, lines 1-3 |  |
|  | p. 44, lines 6-24 |  |
|  | p. 46, lines 11-17 |  |
|  | p. 46, lines 24-25 |  |
|  | p. 47, lines 1-6 |  |
|  | p. 50, lines 9-23 |  |
|  | p. 51, lines 16-21 |  |

p. 52, lines 3-5
p. 52, lines 15-17
p. 52, lines 24-25
p. 53, lines 1-15
p. 67, lines 13-18
p. 68, lines 9-16
p. 68, lines 22-25
p. 69, lines 1-7
p. 70, lines 19-25
p. 71, lines 1-2
p. 86, lines 10-25
p. 87, lines 1-6
p. 91, lines 5-18
p. 101, lines 1-25
p. 102, lines 1-6
p. 102, lines 17-25
p. 103, line 1
p. 103, lines 13-25
p. 104, lines 1-24
p. 107, lines 18-25
p. 108, lines 1-11
p. 108, lines 15-20
p. 109, lines 12-23
p. 111, lines 21-25
p. 112, lines 1-11
p. 112, lines 24-25
p. 113, lines 1-10
p. 114, lines 4-16
p. 124, lines 15-16
p. 126, lines 1-25
p. 127, lines 1-22
p. 128, lines 7-10
p. 139, lines 6-25
p. 140, lines 1-25
p. 141, lines 1-7
p. 143, lines 14-25
p. 144, lines 1-25
p. 145, lines 1-25
p. 146, lines 1-10
p. 149, lines 22-25
p. 150, lines 1-7
p. 176, lines 19-24
p. 177, lines 7-25
p. 178, lines 1-25
p. 179, lines 1-8
p. 180, lines 4-21

p. 181, lines 23-25
p. 182, lines 1-10
p. 183, lines 22-25
p. 184, lines 1-22
p. 185, lines 5-9
p. 188, lines 8-25
p. 189, lines 1-19
p. 190, lines 21-25
p. 191, lines 1-14
p. 192, lines 2-7
p. 192, lines 22-25
p. 193, lines 1-10
p. 193, lines 24-25
p. 194, lines 1-10
p. 194, lines 17-25
p. 195, line 1
p. 195, lines 11-16
p. 196, lines 6-10
p. 198, lines 18-25
p. 199, lines 1-4
p. 199, lines 22-25
p. 200, lines 1-20
p. 201, lines 24-25
p. 202, lines 1-8
p. 202, lines 15-22
p. 205, lines 7-19
p. 207, lines 9-25
p. 208, lines 4-22
p. 219, line 25
p. 220, lines 1-7
p. 231, lines 24-25
p. 232, lines 1-18
p. 233, lines 17-25
p. 234, lines 1-3
p. 237, lines 2-15
p. 242, lines 2-25
p. 243, lines 1-14
p. 244, lines 4-22
p. 245, lines 14-25
p. 246, lines 1-19
p. 247, lines 4-25
p. 248, lines 1-11
p. 249, lines 22-25
p. 250, lines 1-2
p. 250, lines 23-25
p. 251, lines 1-20

p. 252, lines 16-25
p. 253, line 1
p. 259, lines 8-25
p. 260, lines 1-20
p. 261, lines 8-25
p. 262, lines 1-16
p. 263, lines 9-25
p. 264, lines 1-12
p. 264, lines 16-22
p. 267, lines 5-16
p. 269, lines 7-25
p. 292, lines 22-25
p. 293, lines 1-5
p. 293, lines 11-21
p. 294, lines 1-16

**Plaintiffs' Cross-Designations to**
**Steven N. Fox Deposition:**

p. 20, lines 21-25
p. 68, lines 18-21
p. 103, lines 2-12
p. 106, lines 9-24
p. 109, line 24 – p. 110, line 8
p. 156, line 23 – p. 157, line 19
p. 157, line 23 – p. 159, line 6
p. 159, line 8 – p. 160, line 25
p. 161, lines 2-21
p. 161, line 23 – p. 163, line 1
p. 183, lines 23-25
p. 184, line 23 – p. 185, line 1
p. 220, lines 8-22
p. 243, line 15 – p. 244, line 3
p. 251, line 21 – p. 252, line 8
p. 253, lines 2-20
p. 265, lines 1-5
p. 265, line 19 – p. 266, line 4
p. 270, lines 1-7
p. 313, lines 3-12

**Plaintiffs' Objections to the Deposition of Steven N. Fox:**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding inequitable conduct.  The Court  denied the motion insofar as it seeks to exclude evidence.  <u>See</u>, Order of November 18, 2003.  If the deposition is to be read at trial, Plaintiffs make the following specific objections:

| | **Page/Line** | **Objections** |
|---|---|---|
| | p. 52, lines 3-5 and 15-17 | L |
| | p. 53, lines 7-10 | L |
| | p. 143, line 14 – p. 146, line 10 | R, L |
| | p. 180, lines 15-21 | L |
| | p. 219, line 25 – p. 220, line 7 | L – Calls for legal conclusion |
| | p.  264, lines 6-12, 16-22 | Calls for legal conclusion |
| **f.** **William R. George** | p. 4, lines 8-10 | |
| | p. 4, lines 17-20 | |
| | p. 10, lines 13-25 | |
| | p. 11, lines 1-3 | |
| | p. 11, lines 18-19 | |
| | p. 12, lines 3-9 | |
| | p. 12, lines 16-21 | |
| | p. 13, lines 2-13 | |
| | p. 13, lines 18-22 | |
| | p. 14, lines 1-12 | |
| | p., 14, lines 24-25 | |
| | p. 15, line 1 | |
| | p. 15, lines 8-21 | |
| | p. 15, line 25 | |
| | p. 16, lines 1-6 | |
| | p. 16, lines 20-25 | |
| | p. 17, lines 1-3 | |
| | p. 18, lines 13-23 | |
| | p. 19, lines 8-9 | |
| | p. 19, lines 13-14 | |
| | p. 19, lines 19-21 | |
| | p. 20, lines 11-25 | |
| | p. 21, lines 1-25 | |
| | p. 22, lines 1-10 | |

p. 22, lines 17-25
p. 23, lines 1-17
p. 24, lines 2-4
p. 24, lines 11-21
p. 25, lines 7-25
p. 26, lines 1-15
p. 26, lines 21-25
p. 27, lines 1-25
p. 28, lines 1-9
p. 28, lines 14-15
p. 28, lines 17-20
p. 29, lines 20-25
p. 30, lines 1-2
p. 30, lines 9-16
p. 31, lines 5-21
p. 32, lines 5-7
p. 32, lines 9-13
p. 33, lines 11-13
p. 33, lines 19-25
p. 34, lines 1-2
p. 34, lines 14-25
p. 35, lines 1-24
p. 36, lines 11-17
p. 37, lines 18-22
p. 38, lines 17-25
p. 40, lines 11-18
p. 44, lines 8-16
p. 45, line 16-22
p. 46, lines 7-11
p. 51, lines 17-25
p. 52, lines 1-4
p. 53, lines 19-21
p. 53, line 25
p. 54, lines 1-25
p. 55, lines 1-3
p. 55, lines 6-8
p. 55, lines 10-20
p. 60, lines 8-12
p. 60, lines 17-20
p. 62, lines 12-25
p. 63, lines 1-6
p. 65, lines 22-25
p. 66, lines 1-7
p. 68, lines 7-11
p. 68, lines 20-25
p. 69, lines 1-25

p. 70, lines 1-25
p. 71, lines 1-7
p. 71, lines 16-24
p. 72, lines 24-25
p. 73, lines 1-5
p. 78, lines 22-25
p. 79, line 1
p. 79, lines 10-20
p. 79, lines 22-25
p. 80, lines 1-5
p. 83, lines 14-16
p. 83, lines 22-25
p. 84, lines 1-7
p. 84, lines 20-25
p. 85, lines 1-2
p. 85, lines 6-12
p. 85, lines 23-25
p. 86, lines 1-12
p. 87, lines 9-25
p. 88, lines 1-5
p. 91, lines 8-14

**Plaintiffs' Cross-Designations to**
**William R. George Deposition:**

p. 11, line 20
p. 31, line 25 – p. 32, line 4
p. 32, lines 14-19
p. 33, lines 15, 17-18
p. 40, lines 19-25
p. 71, line 25 – p. 72, line 5
p. 72, lines 7-9
p. 72, lines 22-23
p. 73, lines 6-8
p. 80, line 16 – p. 81, line2
p. 81, lines 7-15
p. 83, lines 17-18
p. 85, lines 3-5
p. 85, lines 13-14
p. 85, lines 18-22

**Plaintiffs' Objections to the Deposition of William R. George:**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding the KBS device. The Court denied the motion without prejudice to the Plaintiffs' right to make objections to the admission of subject exhibits at trial. <u>See</u>, Order of November 18, 2003. If the deposition is to be read at trial, Plaintiffs make the following specific objections:

| | **Page/Line** | **Objections** |
|---|---|---|
| | p. 23, lines 5-10 | L |
| | p. 62, line 21 – p. 63, line 6 | L |
| | p. 83, lines 22-25 | L |
| | p. 87, line 13 – p. 88, line 5 | L |

**g.** **Sean M. Corcorran**

- p. 4, lines 8-9
- p. 4, lines 16-17
- p. 7, lines 9-12
- p. 7, lines 22-24
- p. 8, lines 15-21
- p. 9, lines 4-9
- p. 9, lines 18-20
- p. 11, lines 15-22
- p. 12, lines 24-25
- p. 13, line 1
- p. 13, lines 4-5
- p. 13, lines 7-10
- p. 13, lines 12-16
- p. 14, lines 10-16
- p. 15, line 24
- p. 16, lines 2-6
- p. 16, lines 24-25
- p., 17, lines 1-9
- p. 18, lines 8-12
- p. 19, lines 8-11
- p. 19, lines 24-25
- p. 20, lines 1-2
- p. 22, lines 10-13
- p. 26, lines 9-25
- p. 32, lines 23-25
- p. 33, lines 1-6
- p. 43, lines 18-25

p. 44, lines 1-3

**Plaintiffs' Cross-Designations to**      p. 7, lines 19-21 and 25
**Sean M. Corcorran Deposition:**      p. 8, line 4
                                       p. 22, line 9
                                       p. 23, lines 5-7 (first sentence)

**Plaintiffs' Objections to the Deposition of Sean M. Corcorran:**

Plaintiffs' objected to the reading of this deposition, per Plaintiffs' motion in limine regarding the KBS device. The Court denied the motion without prejudice to the Plaintiffs' right to make objections to the admission of subject exhibits at trial. <u>See</u>, Order of November 18, 2003. If the deposition is to be read at trial, Plaintiffs make the following specific objections:

| | **Page/Line** | **Objections** |
|---|---|---|
| | p. 32, line 23 – p. 33, line 6 | L |

**h.**       **Donald K. Seiler**      p. 5, lines 8-10
                                         p. 8, lines 14-25
                                       p. 9, lines 1-3
                                       p. 9, lines 7-24
                                       p. 10, lines 15-18
                                       p. 11, lines 17-19
                                       p. 11, lines 23-25
                                       p. 12, lines 1-11
                                       p. 13, lines 2-16
                                       p. 13, lines 22-25
                                       p. 14, lines 1-4
                                       p. 14, lines 12-15
                                       p. 14, lines 19-25
                                       p. 15, lines 23-25
                                       p. 16, lines 1-3
                                       p. 16, lines 16-19
                                       p. 16, lines 23-25
                                       p. 17, lines 1-3
                                       p. 17, lines 19-25
                                       p. 18, lines 1-25
                                     p. 19, line 1
                                     p. 19, lines 5-11
                                     p. 19, lines 13-16
                                     p. 19, lines 21-25

p. 20, lines 1-25
p. 21, line 1
p. 21, lines 5-18
p. 21, lines 22-25
p. 22, lines 1-3
p. 23, lines 1-12
p. 23, lines 16-25
p. 24, lines 1-14
p. 25, lines 9-19
p. 26, lines 7-10
p. 26, lines 13-21
p. 27, lines 8-18
p. 27, lines 22-25
p. 28, lines 1-25
p. 29, lines 1-25
p. 30, lines 1-6
p. 30, lines 16-17
p. 31, lines 3-8
p. 31, lines 10-12
p. 31, lines 14-19
p. 32, lines 1-25
p. 33, lines 1-2
p. 33, lines 8-25
p. 34, lines 1-25
p. 35, lines 1-25
p. 36, lines 1-15
p. 36, lines 22-25
p. 37, lines 1-2
p. 37, lines 5-13
p. 37, lines 17-23
p. 38, lines 11-15
p. 38, lines 19-25
p. 39, lines 1-25
p. 40, lines 1-7
p. 40, lines 12-15
p. 40, lines 17-25
p. 41, lines 1-10
p. 41, lines 15-19
p. 41, lines 22-24
p. 42, lines 1-25
p. 43, lines 1-7
p. 43, lines 16-18
p. 43, lines 20-23
p. 44, lines 7-8
p. 44, lines 10-12
p. 44, lines 16-24

|                                                              | p. 46, lines 18-25 |
| ------------------------------------------------------------ | ------------------ |
|                                                              | p. 47, lines 1-9 |
|                                                              | p. 47, lines 15-25 |
|                                                              | p. 48, lines 1-7 |
|                                                              | p. 48, lines 11-25 |
|                                                              | p. 49, lines 1-19 |
|                                                              | p. 77, lines 9-11 |
|                                                              | p. 77, lines 16-25 |
|                                                              | p. 78, lines 1-5 |
| **Plaintiffs' Cross-Designations to**                        | p. 19, lines 2-4 |
| **Donald K. Seiler Deposition:**                             | p. 50, line 7 – p. 52, line 2 |
|                                                              | p. 52, lines 6-13 |
|                                                              | p. 59, lines 15-22 |
|                                                              | p. 60, lines 14 – p. 61, line 1 |
|                                                              | p. 61, lines 6-11 |
|                                                              | p. 61, lines 16-24 |
|                                                              | p. 62, line 1 – p. 63, line 17 |
|                                                              | p. 63, lines 19-24 |
|                                                              | p. 64, lines 1-9 |
|                                                              | p. 64, line 14 – p. 65, lines 3 |
|                                                              | p. 65, lines 15-17 |
|                                                              | p. 65, line 25 – p. 67, line 19 |
|                                                              | p. 67, line 24 – p. 68, line 6 |
|                                                              | p. 68, lines 8-16 |
|                                                              | p. 68, line 18 – p. 69, line 6 |
|                                                              | p. 69, lines 8-17 |
|                                                              | p. 70, lines 16-19 |
|                                                              | p. 70, line 25 – p. 71, line 7 |
|                                                              | p. 72, lines 2-8 |
|                                                              | p. 72, line 16 – p. 73, line 6 |
|                                                              | p. 73, lines 15-24 |
|                                                              | p. 74, line 2 |
|                                                              | p. 75, lines 6-8 |
|                                                              | p. 75, line 20 – p. 76, line 2 |
|                                                              | p. 76, lines 5-8 |
|                                                              | p. 77, lines 1-4 |

**Plaintiffs' Objections to the Deposition of Donald K. Seiler**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding the Seiler device, which the Court granted in part and denied in part.  <u>See</u>, Order of November 18, 2003.  If the deposition is to be read at trial, Plaintiffs made the following specific objections:

|  | **Page/Line** | **Objections** |
|---|---|---|
|  | p. 41, lines 7-10 | Leading |
|  | p. 41, lines 15-19 | Leading |
|  | p. 41, lines 22-24 | Leading |
|  | p. 42, line 1 | Leading |

|  |  |  |
|---|---|---|
| **i.** | **Christopher W. Stamos** | p. 7, lines 17-23 |
|  |  | p. 13, lines 15-25 |
|  |  | p. 14, lines 1-6 |
|  |  | p. 17, lines 6-8 |
|  |  | p. 17, lines 13-25 |
|  |  | p. 18, lines 1-6 |
|  |  | p. 27, lines 20-23 |
|  |  | p. 29, lines 1-9 |
|  |  | p. 30, lines 14-18 |
|  |  | p. 30, lines 21-25 |
|  |  | p. 61, line 25 |
|  |  | p. 62, lines 1-10 |
|  |  | p. 62, lines 18-20 |
|  |  | p. 83, lines 10-17 |
|  |  | p. 83, lines 20-22 |
|  |  | p. 84, lines 13-16 |
|  |  | p. 108, lines 21-25 |
|  |  | p. 109, lines 5-10 |
|  |  | p. 129, lines 15-25 |
|  |  | p. 130, lines 1-8 |
|  |  | p. 130, lines 13-16 |
|  |  | p. 131, lines 13-20 |
|  |  | p. 132, lines 3-5 |
|  |  | p. 132, lines 10-25 |
|  |  | p. 133, lines 1-25 |
|  |  | p. 134, lines 1-3 |
|  |  | p. 135, lines 1-25 |
|  |  | p. 136, lines 1-12 |

p. 137, lines 6-11
p. 140, lines 23-25
p. 141, lines 1-13
p. 141, lines 15-22
p. 142, lines 17-25
p. 143, 1-8
p. 143, lines 13-19
p. 144, lines 8-12
p. 146, lines 2-5
p. 146, lines 11-22
p. 148, lines 2-6
p. 148, lines 9-13
p. 148, lines 20-25
p. 149, lines 1-13
p. 151, lines 8-19
p. 151, lines 22-25
p. 152, lines 1-5
p. 152, lines 8-14
p. 152, lines 17-25
p. 153, lines 1-3
p. 153, lines 23-25
p. 154, lines 1-2
p. 154, lines 6-13
p. 154, lines 17-25
p. 155, lines 1-6
p. 157, lines 7-18
p. 157, lines 23-25
p. 158, lines 1-19
p. 208, lines 16-24
p. 209, lines 18-25
p. 210, lines 1-9
p. 211, lines 17-22
p. 219, lines 7-25
p. 220, lines 1-4
p. 220, lines 15-18
p. 220, line 23
p. 229, lines 16-21
p. 246, lines 10-15
p. 248, lines 13-19
p. 249, lines 16-23
p. 255, lines 2-5
p. 255, lines 19-25
p. 256, line 1
p. 256, lines 6-11
p. 256, lines 15-16
p. 260, lines 9-24

|                                  |                               |
|----------------------------------|-------------------------------|
|                                  | p. 262, lines 12-25           |
|                                  | p. 263, lines 1-9             |
|                                  | p. 264, lines 6-7             |
|                                  | p. 264, lines 16-25           |
|                                  | p. 265, lines 1-7             |
|                                  | p. 266, lines 5-13            |
|                                  | p. 268, lines 22-25           |
|                                  | p. 269, lines 1-3             |
| **Plaintiffs' Cross-Designations to** | p. 7, line 24 – p. 8, 1   |
| **Christopher W. Stamos Deposition:** | p. 9, lines 3-10          |
|                                  | p. 9, lines 16-24             |
|                                  | p. 143, line 12               |
|                                  | p. 215, lines 19-21           |
|                                  | p. 215, line 24 – p. 216, line 8 |
|                                  | p. 216, line 10               |
|                                  | p. 216, line 21 – p. 218, line 1 |
|                                  | p. 256, lines 2-5             |
|                                  | p. 256, lines 17-24           |

**Plaintiffs' Objections to the Deposition of Christopher W. Stamos:**

Plaintiffs objected to the reading of this deposition, per Plaintiffs' motion in limine regarding inequitable conduct.  The Court denied this motion insofar as it seeks to exclude evidence.  <u>See</u>, Order of November 18, 2003.  If the deposition is to be read at trial, Plaintiffs make the following specific objections.

| **Page/Line** | **Objections** |
|---------------|----------------|
| p. 220, lines 15-18, 23 | Calls for Legal Conclusion |

## 6.  <u>LENGTH OF TRIAL</u>

Plaintiffs' counsel estimates the trial will last approximately seven to eight (7-8) trial days.  Defendants' counsel estimates that the trial requires about six (6) trial days.

### 7.  <u>PROSPECTS OF SETTLEMENT</u>

The status of settlement negotiations is that the parties participated in a settlement conference held October 2, 2003 with Magistrate Judge Scoville.  No settlement discussions have occurred since the conference.  Settlement is unlikely.

### 8.  <u>OTHER ISSUES</u>

1. The parties suggest showing the jury the Federal Judicial Conference videotape "Introduction to the Patent System" as part of any preliminary instructions.

2. Defendants request that the issue of willfulness be bifurcated, so that the jury will initially determine infringement and validity, and, if applicable, damages.  Any issues of willfulness will then be submitted to the jury for a separate subsequent determination only if infringement and validity are found.  Plaintiffs disagree and feel the issues should be tried together, as the underlying facts are intertwined with other issues for the jury.

3. Both parties request a date certain for start of trial.

**APPROVED AS TO PLAINTIFFS:**


   /s/  Edmund J. Sease                           Date:           December 15, 2003

Edmund J. Sease
Jeffrey D. Harty
John D. Goodhue
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA  50309-2721
Phone:  515-288-3667
Fax:    515-288-1338
Email: patatty@ipmvs.com
Email: harty@ipmvs.com


   /s/  Richard A. Gaffin                            Date:           December 15, 2003

Richard A. Gaffin
Miller Canfield Paddock and Stone, P.L.C.
1200 Campau Square Plaza
99 Monroe Ave. NW
Grand Rapids, MI  49503
Phone:  616-454-8656
Fax:  616-776-6322
Email:  gaffin@millercanfield.com

*Attorneys for Plaintiffs*


**APPROVED AS TO DEFENDANTS:**


   /s/  George Pazuniak                          Date:           December 15, 2003

George Pazuniak
William Bergmann
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Phone:  302-888-6271 (direct))
Fax:  302-658-5614
Email:  gp@cblhlaw.com
Email:  wcb@cblhlaw.com

_____/s/ Jon G. March_____          Date: _____December 15, 2003_____

Jon G. March
Miller, Johnson, Snell & Cummiskey, P.L.C.
250 Monroe Ave. N.W., Suite 800
Grand Rapids, MI  49503
Telephone:  616-831-1700
Facsimile:  616-988-1717
Email:  marchj@mjsc.com

*Attorneys For Defendants*

## ORDER

SO ORDERED this 22nd day of January, 2004.

/s/  David W. McKeague
_____
Honorable Judge David W. McKeague
U.S. District Court